Fliber **FRANCO–CALZADA,** Appellant

v.

**UNITED STATES** of America; **Moshannon Valley Correctional Center; Michael A. Zenk; Federal Bureau of Prisons; Dr. Agra; Cornell Companies, Inc.**

No. 09–4409.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 19, 2010.

Filed: March 25, 2010.

Fliber Franco–Calzada, Philipsburg, PA, pro se.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Fliber Franco–Calzada, a federal inmate, appeals from the order of the United States District Court for the Western District of Pennsylvania dismissing sua sponte his civil rights complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1)–(2). We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

At all relevant times, Franco–Calzada was incarcerated at the Moshannon Valley Correctional Center ("Moshannon") in Philipsburg, Pennsylvania, a private facility operated by the Cornell Company under contract to the Bureau of Prisons ("BOP").

Franco–Calzada's Complaint raises two claims, both of which arise out of his slip and fall from a ladder (attached to his top bunk) on January 2, 2009, in which he fractured two fingers. First, he alleges that the ladder attached to his bunk bed is too small for an adult and that the faulty ladder caused his fall and resulting injury to his fingers. He says that, on information and belief, at least two other inmates have experienced falls because of the ladder problem. He blames the defendants for failing to inspect the ladders and rectify the problem.

Second, Franco–Calzada claims that the medical treatment he received for his broken fingers was delayed unnecessarily in deliberate indifference to his serious medical needs. He alleges that the defendants failed to send him to the local emergency room for immediate treatment of his broken fingers on the night of the accident, they took no x-ray until the following Monday, and they delayed his surgery (to fix the fractures) for two weeks. Franco–Calzada also claims that after initially providing him with pain medication, the prison

is making him purchase it through the commissary. He asserts that he suffers from permanent stiffness and pain in his fingers. He attached documentation of his prison grievances and the BOP's responses.

At the initial screening, the Magistrate Judge recommended that the Complaint be dismissed sua sponte for failure to state a claim as to all defendants. The Magistrate Judge first noted that a *Bivens* action is available for actions against corrections personnel for their deliberate indifference to an inmate's serious medical needs under the Eighth Amendment. (*See* Report at 2.) He ultimately found, however, that Franco–Calzada had no *Bivens* claim because the factual allegation of a thirteen-day delay in obtaining surgery, alone, was "inadequate to allege deliberate indifference on the part of any defendant." (*Id.* at 3.) Next, treating the slip and fall allegations as a *Bivens* claim, the Magistrate Judge found that Franco–Calzada "again fails to allege any facts that would permit an inference of deliberate indifference." (*Id.* at 4–5.) (noting that Franco–Calzada failed to state a claim under the more lenient simple negligence standard under Pennsylvania law.)

Because both of Franco–Calzada's claims lacked merit, the Magistrate Judge found it unnecessary to analyze the liability of individual defendants Cornell Companies, Moshannon, Warden Zenk, and Doctor Agra. He noted, however, that the Supreme Court, in *Correctional Serv. Corp. v. Malesko,* 534 U.S. 61, 71–72, 74, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001), declined to extend the *Bivens* remedy to claims against private corporations operating under federal contracts. Acknowledging that *Malesko* "left open an obvious

question, whether a *Bivens* action can be alleged against a private individual," the Magistrate Judge looked to decisions of the Courts of Appeals that have held that no such actions should be implied against private individual actors. (*Id.* at 6.) The Magistrate Judge found that "[i]n the absence of persuasive authority to the contrary, even a complaint adequately alleging a claim against any individual defendant should be dismissed."[1] (*Id.*) The District Court overruled Franco–Calzada's objections, adopted the Magistrate Judge's Report, and dismissed the Complaint for failure to state a claim. Franco–Calzada filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir.1995). Our review is plenary. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999). Franco–Calzada has been granted leave to proceed *in forma pauperis* on appeal. Because his appeal from the dismissal of Complaint lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Well-pleaded factual content is accepted as true for purposes of determining whether the com-

1. We need not reach the issue whether *Malesko* bars *Bivens* claims against the individual defendants in this case because we conclude that the appeal has no arguable merit in any event.

plaint states a plausible claim for relief. *Id.* at 1950. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

■ After reviewing the District Court pleadings and notice of appeal, we conclude as a matter of law that Franco–Calzada's Complaint was correctly dismissed for failure to state a claim. There is nothing in the Complaint's specific allegations from which we can plausibly infer that the defendants were deliberately indifferent to Franco–Calzada's serious medical needs or to prison conditions pertaining to the use of an allegedly unsafe ladder in his cell. The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials. *See Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Likewise, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Regarding medical mistreatment claims in particular, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999); *see also White v. Napoleon,* 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. *White,* 897 F.2d at 108–09 (*quoting Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Here, the allegations contained in the Complaint, taken as true, assert a simple negligence claim at most, and thus, do not state a claim of a constitutional violation under the Eighth Amendment.

■ The District Court did not consider granting Franco–Calzada an opportunity to amend the complaint in order to cure the stated defects. We see no need to remand the matter, however, because we conclude that an amendment would have been futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). Here, no additional allegations would cure the defects in the Complaint as to the slip and fall claim. Moreover, the BOP's grievance responses that Franco–Calzada attached to his Complaint, lead to the plausible inference that the medical staff treated Franco–Calzada promptly and without unnecessary delay. The medical defendants treated with him with first-aid and started him on antibiotics on the day he was injured. The orthopedic specialist evaluated Franco–Calzada's injuries on January 6, 2009. After a pre-operative visit on January 12, Franco–Calzada underwent surgery on January 15, 2009.

Our independent review reveals that there is no arguable basis to challenge the District Court's dismissal order on appeal. Accordingly, Franco–Calzada's appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).